IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Citibank, N.A.,
    Plaintiff,

v.                                  Civil No. 06-1193 (GAG)

Allied Management Group, Inc.;
Rafael Portela Rodriguez, Maritza Botella
Barcelo, and their Conjugal Partnership;
The Two Towers Corporation; Investors and
Developers Consultants, Inc.; Allied
Investment, Inc.; Marles Incorporated
    Defendants.

**OPINION AND ORDER**

This matter is before the court on plaintiff's motion for reconsideration. See Docket Nos. 66 and 69. Plaintiff asks the court to reconsider its previous denial of plaintiff's motion for partial judgment on the pleadings. See Docket No. 65. Specifically, plaintiff alleges that the court erred when it relied on the speculative damages doctrine to hold that the defendants' counterclaim under the BHCA was not time barred. For the following reasons, the motion to reconsider is **DENIED**.

Under the speculative damages doctrine, a plaintiff in an antitrust action may recover damages occurring within the statutory period that are the result of conduct occurring prior to that period if, at the time of the conduct, those damages were speculative or uncertain. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971). This means that in antitrust and treble-damage actions, "the cause of action for future damages, if they ever occur, will accrue only on the date they are suffered; thereafter the plaintiff may sue to recover them at any time within four years from the date they are inflicted." Id. at 339-40. The speculative damages doctrine has been applied to claims of tying violations under the BHCA. See Kabealo v. Huntington Nat'l Bank, 17 F.3d 822, 826 (6th Cir. 1994).

Plaintiff argues that defendants' claim that the contracts are null does not trigger analysis of the speculative damages rule because this claim does not request damages. The Supreme Court stated in Zenith that "Generally, a cause of action accrues and the statute begins to run when a

**Civil No. 06-1193 (GAG)**                                    2

defendant commits an act that injures a plaintiff's business." <u>Zenith</u>, 401 U.S. at 338.  Applying <u>Zenith</u>, the court in <u>Kabealo</u> noted that "All courts that have written on the subject agree that it is the last overt act of the defendant, not any act of the plaintiff that triggers the statute of limitations." <u>Kabealo</u>, 17 F.3d at 828.  Here, Citibank's last overt act allegedly occurred on June 10, 2005, when Citibank sent a letter to the defendants which raised the issue that defendants may owe Citibank post-closing fees.  Thus, the statute of limitations on defendants' declaratory judgment claim began to run on that date.

The same reasoning applies to defendants' other claims.  Alternatively, defendants' other claims are not time-barred under the speculative damages doctrine.  Plaintiff argues that the speculative damages doctrine does not apply to the facts of this case because defendants' damages were not uncertain or speculative at the time the contracts were signed or when Citibank collected partial post closing fees.  The facts of this case do not support this proposition.  At the time the contracts were signed, the defendants had suffered no injury and any possible claims for damages would have been speculative.  At the time that Citibank collected partial post-closing fees in rental income on June 13, 1990 and July 30, 1992, defendants' damages from plaintiff's June 10, 2005 demand of post-closing fees and from plaintiff's allegedly unlawful attachment during the pendency of this suit would have been speculative.  Accordingly, the defendants' other claims are likewise not time-barred.

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of November 2006.

S/ Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge