IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Citibank, N.A.,
    Plaintiff,

v.

Allied Management Group, Inc.;
Rafael Portela Rodriguez, Maritza Botella
Barcelo, and their Conjugal Partnership;
The Two Towers Corporation; Investors and
Developers Consultants, Inc.; Allied
Investment, Inc.; Marles Incorporated,
    Defendants.

Civil No. 06-1193 (GAG)

**OPINION AND ORDER**

This is a diversity action for breach of contract. Citibank commenced it after Defendants allegedly failed to pay Citibank post-closing fees arising from certain loan transactions whereby Citibank provided Lincoln Realty, Inc. with financing to acquire the buildings known as Citibank Towers and Plaza del Este commercial center. The post-closing fees at issue consist of a participation in the rental income and sales proceeds of the financed real estate projects. The matter is before the court on the Portela Defendants'[1] motion for partial judgment on the pleadings. In this motion, the Portela Defendants ask the court to dismiss Citibank's rental income claims as time barred under Article 1866(3) of Puerto Rico's Civil Code. After reviewing the pleadings and pertinent law, the court **DENIES** the Portela Defendants' motion for partial judgment on the pleadings (Docket No. 99).

**I.    Relevant Factual and Procedural Background**

The following facts are taken from Citibank's complaint. See Docket No. 1. On March 31, 1988, Allied Management Group, Inc. ("Allied"), formerly known as Lincoln Realty, Inc., executed two loan agreements with Citibank to purchase the buildings known as Citibank Towers. Id. at ¶¶

---

[1] The term refers collectively to Rafael Portela Rodriguez, Maritza Botella Barcelo and the Conjugal partnership composed by both of them, Allied Management Group, Inc., Allied Investment, Inc., and the Two Towers Corp. These Defendants guaranteed the loans in question.

**Civil No. 06-1193 (GAG)**                                2

11-12. One loan was for $11 million; the other loan was for $2.5 million. Id. The $2.5 million loan required the payment of post-closing fees in the form of a participation in the rental income and sales proceeds of Citibank Towers. Id. at ¶¶ 16, 18, 19. Section 11.1 of the 1988 $2.5 million loan provides:

> Any and all Excess Income received by the Borrower from the sale/lease of the Building Complex or of any part thereof, shall be deposited in an escrow account with the Bank and the Post Closing Fee of the Bank calculated in the manner herein set forth and paid monthly in the case of Excess Rental Income or upon the sale or as set forth in Section 11.2 in the case of the Excess Sales Income....

See Exhibit II, Docket No.1 at pp. 45-46. Citibank and Allied confirmed the existence and validity of this loan in another loan agreement executed on June 13, 1990. See Docket No. 1 at ¶ 13. Section 11.1 of the 1990 loan agreement states:

> Any and all Excess Income received by the Borrower from the sale/lease of the Building Complex or of any part thereof, shall be deposited in an escrow account with the Bank, at the Bank's option, and the Post Closing Fee of the Bank calculated in the manner herein set forth and paid quarterly in the case of Excess Rental Income or upon the sale or as set forth in Section 11.2 in the case of the Excess Sales Income....

See Exhibit III, Docket No. 1 at p. 38.

On July 30, 1992, Allied executed a third loan agreement with Citibank to refinance 90% of the acquisition cost of a commercial center known as Plaza del Este. See Docket No.1 at ¶ 32. This loan was for $4.4 million. Id. The loan agreement required the payment of post-closing fees in the form of a participation in the rental income and sales proceeds of Plaza del Este. Id. at ¶¶ 33, 35, 36. Section 11.1 of this loan agreement provides:

> Any and all Excess Income received by the Borrower and/or the Corporation from the sale/lease of the Shopping Center Property or of any part thereof, shall be deposited in an escrow account with the Bank, at the Bank's option, and the Post Closing Fee of the Bank calculated in the manner herein set forth and paid quarterly in the case of Excess Rental Income or upon the sale or as set forth in Section 11.2 in the case of the Excess Sales Income...

See Exhibit XI, Docket No. 1 at p. 44.

On September 4, 1998, Allied refinanced the Citibank Towers loans. See Docket No. 1 at ¶ 24. On January 27, 1999, Allied sold Plaza del Este. Id. at ¶ 39. On March 31, 2005, Allied sold the Citibank Towers. Id. at ¶ 26. Alleging that Defendants failed to pay some post-closing fees in connection with the Citibank Towers and Plaza del Este loans, Citibank filed this suit on February

**Civil No. 06-1193 (GAG)**                                              3

22, 2006.  See Docket No. 1.  On March 20, 2007, the Portela Defendants filed a motion for partial judgment on the pleadings.  See Docket No. 99.  Citibank opposed this motion on April 18, 2007. See Docket No. 113.  On May 5, 2007, the Portela Defendants filed a reply to Citibank's opposition. See Docket No. 129.  Citibank filed a sur-reply on May 18, 2007.  See Docket No. 140.  On June 7, 2007, the court dismissed Citibank's claims for post-closing fees under the Citibank Towers loans. See Docket No. 144.  Thus, the only viable claims that remain are Citibank's claims for post-closing fees under the Plaza del Este loan.

**II.     Standard of Review**

Rule 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed but within such time as not to delay trial." Fed. R. Civ. P. 12(c).  On a motion for judgment on the pleadings, "a court must view the facts contained in the pleadings in the light most favorable to the non-movant and draw all reasonable inferences therefrom to the non-movant's behoof."  R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006) (citing Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368) (3d ed. 2004)).  Contested facts are not resolved on a motion for judgment on the pleadings.  A court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point.  Rivera-Gomez, 843 F.2d at 635.

**III.    Legal Analysis**

The Portela Defendants have moved to dismiss Citibank's rental income claims as time barred under Article 1866(3) of Puerto Rico's Civil Code.  Article 1866(3) provides a five-year limitation period for actions that demand "payments which should have been made annually or in shorter periods."  P.R. Laws Ann. tit. 31 § 5296.  The Portela Defendants argue that Citibank's claims for rental income post-closing fees are subject to Article 1866(3) because the Plaza del Este loan agreement obligated the Portela Defendants to pay Citibank rental income post-closing fees on a quarterly basis.  See Exhibit XI, Docket No. 1 at p. 44.  Applying Article 1866(3), the Portela Defendants claim that Citibank's rental income claims are time barred because Citibank filed the instant complaint on February 22, 2006, more than five years after the last rental income post-closing fees were allegedly due on 1998 under the Plaza del Este loan agreement.

**Civil No. 06-1193 (GAG)**                                              4

Citibank contends that Article 1866(3)'s five-year limitation period does not apply to its claims for rental income post-closing fees because, *inter alia*, the Portela Defendants' obligation to pay rental income post-closing fees was not periodic.  In support thereof, Citibank cites the work of Spanish civil law commentator Manuel Albaladejo Garcia.  Albaladejo writes:

> Before concluding, I wish to emphasize that the payment of installments on any obligation is one thing, and its maturity or the duration of the accrual period is something different, clearly stating that art. 1966[2] refers to the former.
>
> [Footnote:] On the other hand, the duty of making the periodic installments is based on the fact that the payments matures periodically.  But the accrual period is not the same as the periodic maturity.  As Diez-Picazo correctly states (Statute of Limitations in the Civil Code, 1964, p. 190), there is a difference between "the maturity, demandability, or payment on one hand, and the determination, computation, or accrual, on the other.  The fact that a specific debt might produce a certain annual percent interest does not necessarily imply that the payment must also be annual."

Manuel Albaladejo Garcia, La prescripcion extintiva 162 (2d ed. 2004).  Relying on this authority, Citibank maintains that the Portela Defendants' obligation to pay rental income post-closing fees was not periodic because the Portela Defendants had no obligation to make payments on quarters with no excess rental income.  See Exhibit XI, Docket No. 1 at pp. 40-44.  The court agrees.

At the outset, the court notes that the Puerto Rico Supreme Court has relied on the work of civil law commentators from other countries, including Albalajedo's work, to interpret Article 1866(3).  See Campos v. Cia. Fom. Ind., 153 D.P.R. 137, 144-50 (2001);  Banco de Ponce v. Barnes y D.A.C.O., 125 D.P.R. 526, 531-32 (1990); Asoc. Empleados E.L.A. v. Guillen, 116 D.P.R. 428-31 (1985).  Here, the fact that the Portela Defendants' obligation to pay post-closing fees might produce certain quarterly payments does not necessarily mean that the payments are periodic.  See Albaladejo *supra*.  This is because the Portela Defendants had no obligation to make payments on quarters with no excess rental income.  See Exhibit XI, Docket No. 1 at pp. 40-44.  The periodic element of the Portela Defendants' obligation under the Plaza del Este loan agreement is the obligation to compute the post-closing fees owed and not the obligation to pay Citibank such fees.

---

[2] Article 1966 of the Spanish Civil Code is the equivalent of Article 1866 of Puerto Rico's Civil Code.  See Mediterranean Inv. Corp. v. Rodriguez, 575 F.Supp. 268, 269 (D.P.R. 1983).

**Civil No. 06-1193 (GAG)**                5

In light of the above, the court finds that the Portela Defendants' obligation to pay rental income post-closing fees was not periodic for purposes of Article 1866(3).  Accordingly, the court holds that Article 1866(3)'s five-year limitation period does not apply to Citibank's claims for rental income post-closing fees under the Plaza del Este loan agreement.  Because no special term of prescription is fixed for Citibank's claims, the apposite statute of limitation is the fifteen-year term provided by Article 1864 of Puerto Rico's Civil Code.  See P.R Laws Ann. tit 31 § 5294.

**IV.    Conclusion**

For the foregoing reasons, the Portela Defendants' motion for partial judgment on the pleadings (Docket No. 99) is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of June 2007.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge